# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOEL NEAVE,**
       **Plaintiff,**

    v.                                       Case No. 07-C-301

**MICHAEL ASTRUE,**
**Commissioner of the Social Security Administration,**
       **Defendant.**

---

## DECISION AND ORDER

Plaintiff Joel Neave brought this action seeking judicial review of the denial of his application for social security disability benefits. I reversed the Administrative Law Judge's (ALJ's) decision pursuant to 42 U.S.C. § 405(g), sentence four. Plaintiff now moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking a total of $5653.13 for 33.75 hours spent on the case.

**I.**

The EAJA provides that a litigant in a civil suit against the federal government is entitled to recover his attorneys' fees if: (1) he was the prevailing party in the action; (2) the government's position in the matter was not "substantially justified"; (3) no "special circumstances" make a fee award "unjust"; and (4) he filed a timely fee application with the district court. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). Because I reversed and remanded the ALJ's decision under sentence four, plaintiff is the prevailing party in this case. See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). The Commissioner does not contend that his position was substantially justified or that any special circumstances would make an award unjust. See Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004)

("The Commissioner bears the burden of demonstrating that her position was substantially justified or that special circumstances would make an award unjust."). Finally, plaintiff's application, filed within thirty days of final judgment, is timely. See 28 U.S.C. § 2412(d)(1)(B). Therefore, plaintiff is entitled to a fee award.

**II.**

While the Commissioner does not dispute that plaintiff is entitled to an award, he does challenge the amount of plaintiff's request. A prevailing party bears the burden of demonstrating that his fee request is reasonable, both as to the rate and the number of hours requested. See, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Hanrahan v. Shalala, 831 F. Supp. 1440, 1450 (E.D. Wis. 1993)). Thus, the party seeking an award must submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The court may also exclude hours that are excessive, redundant or otherwise unnecessary. See Hensley, 461 U.S. at 433-34.[1]

The Commissioner first notes that plaintiff seeks fees for two attorneys in this case, and that it appears both billed for time spent on the same tasks, such as researching the court's filing requirements. The Commissioner also finds excessive the request for nine hours of time spent before counsel started drafting briefs in the case, including 1.5 hours spent reviewing the

---

[1]In assessing the overall reasonableness of a request, the court considers (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n. 3.

2

Appeals Council's denial letter, and a total of six hours for a meeting between counsel and drafting and filing of the complaint. The Commissioner further complains that counsel spent too much time (4.5 hours total) preparing the EAJA application, including an hour for one lawyer to review the work of the other. The Commissioner thus requests that the final award be reduced by at least eight hours, five hours for excessive time spent during the pre-complaint and complaint stage and three hours at the EAJA stage.[2]

Plaintiff explains that two lawyers worked on this case because, when the action was initially filed, only one was admitted to practice in this court. There is nothing wrong with more than one lawyer working on a case, but the government should not be required to pay for any resulting inefficiencies. Dudelson v. Astrue, No. 03 Civ. 7734, 2007 WL 3051875, at *2 (S.D.N.Y. Oct. 15, 2007) (citing Hensley, 461 U.S. at 434); see also Doucette v. Sullivan, 785 F. Supp. 1056, 1059 (D. Me. 1992) (noting that while duplication of services by attorneys working on the same case must be avoided, the use of more than one lawyer on a case does not require an automatic reduction or a presumption that services were duplicated).[3]

I find that a slight reduction in plaintiff's request is appropriate. First, I agree with the Commissioner that the 1.5 hours Attorney Molly Bandt spent on March 2, 2007 reviewing the

---

[2]The Commissioner does not contest the requested hourly rate. Plaintiff requests an increase in the maximum $125/hour rate set forth in the EAJA, 28 U.S.C. § 2412(d)(2)(A), based on the rate of inflation reflected in the Consumer Price Index ("CPI"). Use of the CPI has been accepted in this district, see Lechner, 330 F. Supp. 2d at 1011, and I find the requested hourly rate reasonable in this case.

[3]In some cases, the involvement of more than one lawyer may save costs, as where a junior lawyer charges a lower hourly rate even though she may have to spend more time than a senior lawyer to perform the same tasks. See, e.g., Soto v. Sullivan, No. 89 C 529, 1990 WL 141007, at *2 n.4 (N.D. Ill. Sept. 25, 1990). "Those lower charges may more than make up for any added time required for the two or more lawyers to keep each other informed as to their progress." Id. In this case, however, both lawyers request the same hourly rate.

3

Appeals Council's decision was excessive.  The Council denied review in this case, and its "decision" was basically a standard form.  I will therefore reduce the request by one hour.  Second, I find duplicative the .75 hours claimed by both counsel on March 12, 2007 for reviewing federal court filing requirements.  Plaintiff offers no explanation why both lawyers would need to spent this time.  Therefore, I will deduct .75 hours from the request.  Third, I find the total of 4.5 hours spent on the initial EAJA submission a bit much.  The motion itself is less than three full pages, the supporting brief less than four full pages, and the supporting affidavits less than three full pages, none very detailed.  The brief contains a statement of basic EAJA law and a rehash of my decision, then asserts a lack of substantial justification or special circumstances without elaboration.[4]  Counsel did not submit detailed information on the calculation of the hourly rate or the CPI tables, as if often done.  Moreover, in my experience, initial EAJA submissions are typically prepared in less time.  See Lechner, 330 F. Supp. 2d at 1013 (approving 1.7 hours for initial EAJA submission and citing case approving 1.6 hours for EAJA motion); Wates v. Barnhart, 288 F. Supp. 2d 947, 954 (E.D. Wis. 2003) (finding two hours spent on fee petition reasonable).  Therefore, I will reduce the award by one hour to account for this overstatement.

    The five hours spent by Attorney Bandt and one hour spent by Attorney Mitchell Hagopian preparing and filing the complaint – a two page document (R. 1) – may at first blush seem excessive.  However, it appears from counsels' affidavits and plaintiff's reply brief that this included time spent reviewing the record, which was well over 300 pages long, and

---

[4] Because the Commissioner bears the burden on these issues, the lack of detailed discussion is understandable. I simply make this observation in the context of questioning the amount of time spent on this submission.

4

discussing the issues plaintiff would raise in court. The time counsel spent actually researching and preparing the main brief – 14.25 hours for Attorney Bandt and one hour for Attorney Hagopian – was entirely reasonable. Even adding the six hours spent "pre-complaint" to the briefing time, the request remains a reasonable one. See, e.g., Lechner, 330 F. Supp. 2d at 1012 (finding twenty-two hours spent on main brief reasonable, and citing case approving thirty hours on main brief). Likewise, the total amount of time spent on this case is well within the range I typically see in these types of cases. See Wirth, 325 F. Supp. 2d at 914 (approving fees based on 61.1 hours and collecting decisions awarding fees based on 61.05, 38.5, 53.6, 54.2, 66.95, 53.5, 56.2 and 56.3 hours).[5]

Thus, deducting the 2.75 hours identified above, the final award will be $5192.50 (31 hours x $167.50/hour).[6] I find this amount reasonable under all the circumstances.

**III.**

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 19) is **GRANTED**, and plaintiff's attorneys, Disability Rights Wisconsin, are awarded fees in the amount of $5192.50.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[5]Under the circumstances, I see nothing unreasonable in Attorney Hagopian spending one hour reviewing the main brief, .5 hours reviewing the reply brief and one hour reviewing the EAJA motion prior to filing them under his signature.

[6]Plaintiff does not seek compensation for time spent on the EAJA reply brief.